### MELLEN v. ATHENS HOTEL CO. et al.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. MECHANICS' LIENS (§ 273\*)—ENFORCEMENT—ANSWER BETWEEN CODEFENDANTS—COUNTERCLAIM.

Lien Law (Consol. Laws 1909, c. 33) § 44, makes all lienors against the same property necessary parties to an action to enforce a lien. Section 44, subd. 3, provides that the answer of every lienor made a defendant shall set forth his lien, or he will be deemed to have waived it, unless it is admitted by the complaint and not contested by another defendant. Section 45 provides that the court may determine the equities of all the parties and all issues raised by any defense or counterclaim. Code Civ. Proc. § 521, provides that, where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant requiring such determination must demand it by his answer. A lienor, made a defendant under section 44, served upon its codefendant, the owner, an answer claiming judgment for money alleged to be due un-

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der its contract. *Held*, that the owner was entitled to file an answer and counterclaim against the defendant lienor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 525–528; Dec. Dig. § 273.*]

2. TRIAL (§ 14*)—STRIKING CAUSE FROM CALENDAR—EFFECT OF CROSS-ACTION.
Under Code Civ. Proc. § 521, which provides that, where the judgment may determine the reciprocal rights of two or more defendants, a defendant must demand a determination by answer, and must, 20 days "before trial," serve a copy thereof upon his codefendant, and that the controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, an action to foreclose a mechanic's lien, which is at issue so far as the plaintiff is concerned, and in which defendant's answer upon a codefendant is duly filed, need not be stricken from the calendar.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 33; Dec. Dig. § 14.*]

Appeal from Special Term, New York County.

Action by Nathan C. Mellen against the Athens Hotel Company, impleaded with E. E. Paul Company. From an order denying a motion by the Hotel Company that its codefendant, Paul Company, be required to accept an answer to the cause of action set up in the codefendant's answer, and to strike the cause from the calendar, the Athens Hotel Company appeals. Reversed, and motion granted in part.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Alexander Thain, for appellant.
William W. Robinson, for respondent.

SCOTT, J. This is an appeal by defendant Athens Hotel Company from an order denying its motion that the defendant E. E. Paul Company be required to accept appellant's answer, and that the cause be stricken from the calendar. The action is to foreclose a mechanic's lien upon a hotel owned by the appellant. Plaintiff's lien was filed July 25, 1911. The defendant E. E. Paul Company had filed a lien on July 16, 1911, and was necessarily made a party defendant. Lien Law, § 44.

On December 5, 1911, the defendant E. E. Paul Company served upon appellant its answer, in which it claimed a judgment for a considerable sum of money alleged to be due under its contract for the reconstruction of appellant's hotel. On December 26th the Hotel Company served an answer upon E. E. Paul Company in which it not only undertook to controvert the claim of said Paul Company to recover, but asserted counterclaims for damages arising out of its contract with said Paul Company to an amount much exceeding the claims of the latter company. It is this answer which the Paul Company has returned and of which appellant now seeks to compel acceptance.

The lien law not only requires that all lienors shall be made parties to an action commenced by any one to foreclose his lien, but also provides that:

"Every defendant who is a lienor shall by answer in the action set forth his lien, or he will be deemed to have waived the same unless the lien is ad-

mitted by the complaint, *and not contested by another defendant.*" Section 44, subd. 3.

And by section 45 it is provided that:

"The court may adjust and determine the equities of all the parties to the action and the order of priority of different liens, and *determine all issues* raised by any defense *or counterclaim* in the action."

The plain intent of the law is that all controversies arising out of liens filed against the same property shall be determined and disposed of in a single action, and such intent is made even more clear by the provisions of section 45 providing that, if more than one action is brought, they shall all be consolidated. It thus happens very often, as in the present case, that there are several controversies to be tried, arising between codefendants, and as to which the plaintiff has no interest. Under our method of practice a controversy must arise upon pleadings setting forth the claims of the contesting parties, and to meet the case of a controversy between codefendants the Code of Civil Procedure has provided, in section 521, as follows:

"Where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination must demand it in his answer; and must at least twenty days before the trial serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon the defendants so to be affected who have not duly appeared therein by attorney. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."

[1] It was under this section that the E. E. Paul Company served its answer on appellant, the owner, and therein set forth its lien and stated the particulars of its claim thereon. This was undoubtedly the proper practice. The Paul Company now objects, however, that there is no provision under which the appellant may also serve an answer controverting the claims of its codefendant. Its position is that there can be no such thing as an answer to an answer, and that there is no necessity for it because under section 522, Code of Civil Procedure, an allegation of new matter in an answer, to which a reply is not required, is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires.

In presenting this argument the respondent overlooks the peculiar character of an action of this kind, which may comprise a number of unrelated controversies between the several parties defendant. As between respondent and appellant, the former stands in the relation of a plaintiff, and its pleading, although termed an answer, is, so far as concerns appellant, in the nature of a complaint. To such a pleading it is appropriate and proper that appellant should interpose a pleading in its own behalf to the end that the issues between these parties may be stated and defined. Furthermore, the appellant is entitled to assert its counterclaim against respondent arising out of the same contract which serves as a foundation for respondent's lien and claim, for by section 45 of the lien law, supra, it is clearly contemplated that such a counterclaim shall be passed upon and disposed of in this action. To assert such a counterclaim, a pleading setting it forth was essen-

tial. We are therefore of the opinion that the appellant was entitled to serve its answer, and that respondent should be required to receive it.

[2] It is not necesary to strike the cause from the calendar. It was at issue so far as plaintiff is concerned, and it is provided by section 521, Code of Civil Procedure, that a controversy between defendants shall not delay a judgment to which plaintiff is entitled, unless the court shall otherwise direct. That section places no limitation upon the service of an answer upon a codefendant, except that it must be at least 20 days before the trial, so that in many cases such an answer may properly be served after the plaintiff has noticed the action for trial and put it upon the calendar.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted to the extent hereinbefore indicated. All concur.