(170 App. Div. 70)

ALBRIGHT v. TRINITY PRESBYTERIAN CHURCH OF ROCHESTER et al.

(Supreme Court, Appellate Division, Fourth Department.    November 24, 1915.)

1. JUDGMENT ⊜126—TIME OF RENDITION—PREREQUISITES.

A judgment finally foreclosing a lien is irregular and unauthorized, in the absence of proof before the court or referee upon .which to base it, where the action is in equity and the judgment is rendered on defendant's failure to plead over after his demurrer is overruled.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 223, 224, 228–230; Dec. Dig. ⊜126.]

2. MECHANICS' LIENS ⊜271—ACTIONS—COMPLAINT—SUFFICIENCY.

Complaint seeking foreclosure of mechanic's lien *held* to state a good cause of action so that demurrer thereto was properly overruled.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. ⊜271.]

3. MECHANICS' LIENS ⊜275—ACTIONS—DEMURRER TO ANSWER OF CODEFENDANT.

Demurrers are permissible only as specially provided in Code Civ. Proc. §§ 488–496, so that a demurrer of defendant in an action to foreclose a mechanic's lien, interposed to the answer of a codefendant, who was a lienor, was unauthorized.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 532–538; Dec. Dig. ⊜275.]

4. PLEADING ⊜222—DEMURRER—PLEADING OVER AFTER DEMURRER OVERRULED.

In such case, the demurrer having been overruled, it was not necessary for the defendant to plead over to the answer of the codefendant, but any claims or counterclaims against him might be asserted in the answer to the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 570–574; Dec. Dig. ⊜222.]

Kruse, P. J., dissenting.

Appeal from Special Term, Monroe County.

Action by Edmond L. Albright against the Trinity Presbyterian Church of Rochester and others. From a judgment overruling defendant's demurrer to the complaint, and awarding plaintiff final judgment, and from an order amending the judgment, and from an order overruling defendant's demurrer to the separate answer of the defendant Fisher, the defendant Trinity Presbyterian Church of Rochester appeals. Order overruling demurrer to the answer of defendant Fisher, and directing final judgment in his favor, modified and affirmed, final judgment for plaintiff against the defendant Presbyterian Church and order amending the same reversed, and interlocutory judgment directed to be entered for plaintiff, overruling demurrer to the complaint, with leave to the defendant Presbyterian Church to withdraw its demurrer and to answer.

The defendant Trinity Presbyterian Church appeals from the judgment herein, entered July 9, 1915, overruling its demurrer to the complaint and awarding to plaintiff final judgment for the relief demanded in the complaint, and from the order amending said judgment entered July 26, 1915; also from the order entered May 26, 1915, overruling the demurrer of said defendant Trinity Presbyterian Church to the separate answer of the defendant Fisher.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The action was brought to foreclose a mechanic's lien by the plaintiff as a mason contractor against the defendant Presbyterian Church, upon whose lands a building was being erected pursuant to said contract, and against the defendants Fisher, Rees, and Ade as subsequent lienors.

The defendant Fisher answered the complaint, setting up a lien in his favor for labor and material furnished under a separate contract between himself and the defendant Trinity Presbyterian Church, which lien was filed subsequent to the lien of the plaintiff. This answer was served upon the plaintiff, and also upon the defendant Trinity Presbyterian Church.

The defendant Trinity Presbyterian Church demurred to plaintiff's complaint, on the ground that causes of action had been improperly united, and that said causes of action would not affect all the parties to the action, and that as to a part of plaintiff's claim the complaint does not state facts sufficient to constitute a cause of action. Said defendant Trinity Presbyterian Church also demurred to the answer of the defendant Fisher, on the ground that it did not state facts sufficient to constitute a cause of action or ground for affirmative relief against said Trinity Church corporation.

The prayer for relief in the answer of defendant Fisher is that he be adjudged to have a lien on the real property in question for $800, subject to the lien of the plaintiff and prior to that of all other defendants; that the premises may be decreed to be sold, and the moneys arising therefrom be brought into court, and after payment of the claim found due to the plaintiff said defendant be paid said sum of $800, with interest, so far as the moneys then remaining will pay the same, and that he have judgment against said Trinity Presbyterian Church for any deficiency remaining, and for such other and further relief as may be just and equitable.

The argument of both demurrers came on to be heard at the Special Term at the same time, and separate decisions were made and filed overruling each demurrer and directing final judgment for plaintiff for the relief demanded in the complaint, with costs, and final judgment for the defendant Fisher for the relief demanded in his answer, with costs. Neither decision gave any leave to the defendant Trinity Presbyterian Church to withdraw the demurrers or to plead over.

Counsel for defendant Fisher entered an order on the decision in his favor to the effect that on application to the court on notice to all parties Fisher should have final judgment establishing the amount of his lien and for a sale of the premises for its payment. Plaintiff's counsel entered no such order, but applied at Special Term for and obtained final judgment establishing plaintiff's lien at $2,295 and interest, the amount alleged in the complaint, and directing a sale of the premises to satisfy the same in the usual form. Defendant Trinity Church waived notice of application for this judgment, and the other defendants stipulated that such a judgment might be granted to plaintiff.

Some time later, and while the referee appointed in plaintiff's judgment was advertising the sale of said premises thereunder, defendant Fisher applied at Special Term on notice and obtained an order amending plaintiff's judgment nunc pro tunc as of the date of its entry, so as to adjudge that said Fisher has the second lien on said premises to the amount of $800 and interest, which the referee is directed to pay out of the proceeds of sale next after satisfying plaintiff's lien, and directing judgment in Fisher's favor against the defendant Trinity Presbyterian Church for the deficiency, if any. No referee was appointed to ascertain and report the amount of plaintiff's lien, or the amount due thereon, or as to the truth of any of the facts alleged in the complaint, nor of the amount due to Fisher on his lien, or as to any of the facts alleged in his answer, nor was any testimony given in court to support either lien, or as a basis for the judgment in favor of either party. Thus the validity and amount due under both these liens have been adjudged against the defendant Trinity Church without any testimony on oath, and solely upon the supposed admissions implied from the demurrers.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Herbert J. Stull, of Rochester, for appellant.
George F. Slocum, of Rochester, for respondent Albright.
George W. Thomas, of Rochester, for respondent Fisher.

FOOTE, J.  [1] The judgment was clearly irregular and unauthorized, in the absence of proof before the court or a referee upon which to base it.  The action is in equity, and judgment could not be entered without application to the court in case of default, under section 420 of the Code.  The proper practice is prescribed by sections 1222 and 1223.  Mathot v. Triebel, 102 App. Div. 426, 92 N. Y. Supp. 512; Sauerbrunn v. Hartford Life Ins. Co., 165 App. Div. 506, 150 N. Y. Supp. 1039.

[2] The complaint contained only appropriate allegations for the foreclosure of the mechanic's lien.  It alleged a payment due to plaintiff of $1,000, for which the architect had given his certificate, and that only $200 of this had been paid.  It also alleged the performance of labor and furnishing of materials to the amount of $2,495, and alleged that after the payment of the $200 there was now actually due plaintiff for said labor and materials so furnished the sum of $2,295, with interest.  We think a good cause of action is alleged for the establishment and foreclosure of plaintiff's lien, and that the demurrer to the complaint was properly overruled.  The complaint certainly alleges a good cause of action to establish plaintiff's lien to the extent of $800, as to which the architect's certificate has been given.  The claim for the additional amount, for which no certificate is alleged to have been given, and as to which there is no allegation to show that it has become due and payable without the certificate, is not a separate cause of action.  The complaint is not demurrable, even if it is insufficient to authorize a recovery for the additional amount.

For some reason, which does not appear in this record, the Special Term, probably through inadvertence, failed to provide for granting the usual leave to withdraw the demurrer and answer the complaint. We think this leave should have been given.

[3] As to the demurrer by the defendant Presbyterian Church to the answer of its codefendant Fisher, we find no authority for such a pleading.  It has been held in Mellen v. Athens Hotel Co., 149 App. Div. 534, 133 N. Y. Supp. 1079 (1st Dept.), that in a mechanic's lien case an answer of a defendant to the answer of his codefendant claiming affirmative relief may be served upon said codefendant.  However that may be, we are of opinion that only such demurrers as are specially provided for in sections 488 to 496 of the Code of Civil Procedure are authorized in any action.  It was so held in Stuart v. Blatchley, 77 Hun, 429, 28 N. Y. Supp. 800, in this department, and we are aware of no authority to the contrary.  This demurrer was unauthorized, and was properly overruled for that reason, but the order thereon directing final judgment in favor of defendant Fisher is erroneous.

[4] The defendant Church is not in need of leave to plead over to the answer of its codefendant Fisher.  If it has any claims or counterclaims against defendant Fisher, which it wishes to assert in this

action, it can make them in its answer to the complaint, and serve that answer also on defendant Fisher. But no pleading by defendant Church is necessary to put in issue the claims against it asserted in Fisher's answer. By section 522 of the Code these allegations are "deemed controverted by the adverse party, by traverse or avoidance, as the case requires." Havana City Ry. Co. v. Ceballos, 49 App. Div. 421, 63 N. Y. Supp. 422.

The order overruling the demurrer of the defendant Church to the answer of the defendant Fisher, and directing final judgment in favor of defendant Fisher, should be modified, by striking therefrom the provisions for final judgment, and, as so modified, affirmed. The final judgment in favor of the plaintiff against the defendant Church, and the order amending the same, should be reversed, and an interlocutory judgment directed to be entered in favor of the plaintiff, overruling the demurrer to the complaint, with leave to the defendant Trinity Presbyterian Church to withdraw its demurrer to the complaint within 20 days after service upon it of a copy of such interlocutory judgment and notice of its entry, and to answer the complaint; said interlocutory judgment also to provide that in case such leave is not availed of within said 20 days, plaintiff and defendant Fisher may, after the issues raised by said Fisher's answer have been tried or otherwise disposed of, apply at Special Term for final judgment. No costs of this appeal are allowed to any party. All concur, except

KRUSE, P. J. (dissenting). I concur in the holding that the demurrer to the complaint was properly overruled, and that the judgment should be modified, so as to permit the defendant Church to withdraw the demurrer and answer the complaint upon the usual terms. But I am also of the opinion that the demurrer by the defendant Church to the answer of the defendant Fisher, which sets up an affirmative cause of action on his lien, was permissible. His cause of action is entirely unrelated and disconnected from that set up in the complaint, except that it covers the same property. Under the Lien Law (Consol. Laws, c. 33) the plaintiff was required to make the defendant Fisher a party, and the latter is required to enforce his lien in this action. As between the defendant Fisher and the Church, such an answer should be regarded as a complaint. Mellen v. Athens Hotel Co., 149 App. Div. 534, 133 N. Y. Supp. 1079. Otherwise there seems to be no provision for serving any pleading to controvert the Fisher claim. There is as much authority for serving a demurrer as an answer to such a pleading. Treating the pleading demurred to, as between these two defendants, as a complaint (which I think it is in fact as between them) relieves the question of practice from difficulty and embarrassment.

I think this demurrer was permissible, and that it was properly overruled; but the judgment should be so modified as to permit the Church to answer upon the usual terms.