WILLIAM E. D. STOKES, Plaintiff, *v.* OTTOMAN AMERICAN DEVELOPMENT COMPANY, Defendant, Impleaded with WILLIAM E. D. STOKES, JR., and Others, Defendants.*

Supreme Court, New York County, May 15, 1928.

**Pleadings — answer — motion under Rules of Civil Practice, rule 109, to dismiss counterclaims and defenses — moving party was brought in as defendant under Civil Practice Act, § 271 — said defendant does not have right to make motion.**

A defendant, brought in under section 271 of the Civil Practice Act, does not have the right to move, under rule 109 of the Rules of Civil Practice, to dismiss the counterclaims and defenses of the original defendant.

MOTION by defendant, under rule 109 of the Rules of Civil Practice, to dismiss counterclaims and defenses of another defendant.

*Choate, Larocque & Mitchell* [*Joseph Larocque* of counsel], for William E. D. Stokes, Jr., for the motion.

*Osborne & Ettinger* [*Harry L. Ettinger* of counsel], for the defendant Ottoman American Development Company, opposed.

LEVY, J. W. E. D. Stokes, Jr., brought in as a defendant under section 271 of the Civil Practice Act, moves under rule 109 of the Rules of Civil Practice to dismiss the counterclaims and defenses in the amended answer of defendant Ottoman American Development Company. It is difficult to comprehend the theory upon which the moving party seeks to dismiss *defenses* to *plaintiff's* cause of action, and it is equally so in respect to the attack upon the *counterclaims* affecting the *plaintiff.* In so far as the moving defendant seeks the dismissal of the counterclaims as against himself, he must fail, for the rule invoked, namely, rule 109 of the Rules of Civil Practice, does not authorize any one but a " plaintiff " to make such an application. W. E. D. Stokes, Jr., can scarcely

---

* Affd., 224 App. Div. 833.  See 223 App. Div. 739.

be regarded as a plaintiff since he asserts no cause of action against any of the parties. It is to be noted that section 271 of the Civil Practice Act expressly states that " any such person named in an answer as a party to a counterclaim may reply thereto within the time within which a defendant might serve an answer to a complaint, or he may serve a notice of appearance on the party interposing the counterclaim," but the section fails to provide for the making of a motion to dismiss such a counterclaim, and there is no authority for that procedure to be found either in the Civil Practice Act or in the rules. This appears to be significant, especially in the light of *Albright* v. *Trinity Presbyterian Church* (170 App. Div. 70) and *Stuart* v. *Blatchley* (77 Hun, 425), authorities under the old Code of Civil Procedure, which held that a demurrer by one defendant to a counterclaim asserted against him by another defendant was unauthorized. *Williams* v. *Tompkins, Inc.* (208 App. Div. 574) and *Kelvin Engineering Co., Inc.,* v. *Knott* (212 id. 413), cited by counsel as authority in support of the present application, are clearly distinguishable for they both involved motions by the defendant sought to be impleaded under section 271 of the act, to strike out the counterclaim, not as insufficient in law, but as improperly attempting to bring in the moving party. Nor does the previous decision of the Appellate Division in the instant case, granting the motion of the moving party to strike out the counterclaim, bear any application to the situation before us, since that was a motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice which under the express provisions of the rule, may be made by any party to the litigation.

The motion is, therefore, denied.