ABRAHAM B. SCHREKINGER, Plaintiff, *v.* FAN & BILL'S, INC., and Others, Defendants.

City Court of New York, Trial Term, New York County, November 18, 1941.

*Irving I. Schrekinger*, for the plaintiff.

*Arthur Schneider*, for the defendants Fan & Bill's, Inc., and Gunther's Famous Steak House, Inc.

*Twyeffort & DuBois*, for the defendant Grace L. Lowther.

*S. Hiras Hauer*, for the defendants Peter Viggiani & Son and Trio Builders Supply Co., Inc.

*Milton Annis*, for the defendant Richardson & Dutt, Inc.

*Zalkin & Cohen*, for the defendant Nicholas H. Wade, Inc.

BYRNES, J   This is an action to foreclose a mechanic's lien. Five lienors were brought in as party defendants pursuant to section 44 of the Lien Law.   One of the lienors, Nicholas H. Wade, Inc., in his answer, asserts a lien in the sum of $4,500 as against the original defendant Fan & Bill's, Inc.   The City Court lacks jurisdiction to foreclose a mechanic's lien in excess of the sum of $3,000 and interest.   (N. Y. City Ct. Act, § 16, subd. 3.)   The defendant lienor, Nicholas H. Wade, Inc., further asserts that his lien in the sum of $4,500 is in the nature of a counterclaim over which the City Court has jurisdiction in an unlimited amount. (N. Y. City Ct. Act, § 18.)   With this contention the court cannot agree.   As between the original defendant Fan & Bill's, Inc., and the defendant lienor Nicholas H. Wade, Inc., the latter stands in the relation of a plaintiff and its pleading, although termed an answer, is, so far as it concerns the original defendant, in the nature of a complaint, and hence may not be construed as a counterclaim.   (*Mellen* v. *Athens Hotel Co.*, 149 App. Div. 534.)   In order to protect the rights of the defendant lienor, the court will declare a mistrial and afford it the opportunity of moving under section 110 of the Civil Practice Act, to remove this action to the Supreme Court, where the entire action may be disposed of and the rights of all lienors adjudicated.