■ In the Matter of MICHAEL FELLNER et al., Respondents-Appellants, v. JOSEPH P. McMURRAY et al., Appellants-Respondents. In the Matter of EDWARD C. DE VITO, SR., Respondent, v. JOSEPH S. MURPHY et al., Appellants. — In consolidated proceedings pursuant to article 78 of the CPLR to require respondents to accept from petitioners, students at Queens College of the City University of New York, sums less than those fixed as consolidated fees, (1) appellants-respondents appeal from so much of a resettled judgment of the Supreme Court, Queens County, dated October 18, 1971, as granted the applications to the extent of directing them to pay the fees received from students at Queens College to the City University Construction Fund and (2) respondents-appellants (petitioners Michael Fellner and Edward De Vito) cross-appeal from the resettled judgment insofar as it denied their applications to withhold payment of part of the consolidated fees. Resettled judgment modified, on the law, by striking the first, second and third decretal paragraphs thereof, which denied petitioners' applications to withhold payment of part of the consolidated fees and directed respondents to pay to the City University Construction Fund fees received from students attending Queens College. As so modified, resettled judgment affirmed insofar as appealed from, without costs and with leave to petitioners to join the necessary parties within 60 days after service upon

petitioners of a copy of the order to be entered hereon, with notice of entry. In our opinion, petitioners failed to join necessary parties. Though nonjoinder was not raised by appellants-respondents at Special Term, it may be raised at any point in the action (*First Nat. Bank of Amsterdam* v. *Shuler,* 153 N. Y. 163, 170; see CPLR 1003; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1001.03). The City University Construction Fund is a corporate person "who might be inequitably affected by a judgment in the action" (CPLR 1001, subd. [a]), for the resettled judgment directs payment to the Construction Fund of moneys allegedly received from students by the college as a trustee and, hence, such simultaneous receipt of the moneys would subject the Construction Fund to the risks of litigation by contributing students and the conflicting duty to use such funds for nontrust purposes (Education Law, §§ 6273, 6278). Student Press, Inc. and Student Activities Financial Board are entities in whose favor appellants-respondents were acting, according to petitioners, in excess of appellants-respondents' power with respect to that part of the consolidated fee allocable to the Phoenix, the publication of Student Press, Inc. Hence, the relief demanded by petitioners with respect to Student Press, Inc., and Student Activities Financial Board required their joinder (CPLR 7802, subd. [c]; *Matter of Castaways Motel* v. *Schuyler,* 24 N Y 2d 120, 125; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1001.01). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur. [66 Misc 2d 1025.]