Edward M. O ’Gorman, J.
On June 11, 1972, plaintiff filed a mechanic’s lien against certain real property in the County of Orange. Thereafter, on July 19, 1972, the defendant S. M. K. Development Corp., pursuant to section 20 of the Lien Law, filed a bond with the Clerk of the County of Orange in order to discharge the said real property from the said lien.
In this action to enforce the .said lien, the defendant Heritage Savings Bank moves to dismiss the complaint as against it, on the ground that .said defendant should not have been named as a defendant in this action.
The plaintiff contends that the defendant Heritage Savings Bank is a proper party as a .successor in title to a portion of the lands covered by the original lien, and is required to be named pursuant to the provisions of subdivision 3 of section 44 of the Lien Law.
However, an examination of that section indicates that subdivision 3 of section 44, which requires .that all persons appearing by the records in the office of the County Clerk to be owners of such real property or any part thereof shall be necessary parties, applies to an action in a court of record to enforce a lien against real property or a public improvement. Once the bond has been substituted for the real property, however, the attachment is to the new .security and no longer to the property, and the persons who are required to be joined as parties defendant are governed by the provisions of- subdivision (7) of section 37 of the Lien Law, which section does not include subsequent owners of the premises.
Under the circumstances, the motion on behalf of the defendant Heritage Savings Bank should be granted, and the complaint herein dismissed as to such defendant.