■ BRYANT EQUIPMENT CORPORATION, Respondent, v A-1 MOORE CONTRACTING CORP. et al., Defendants, and HUDSON VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATIONS, Appellant.—In an action to foreclose a mechanic's lien, the appeal is from an order of the Supreme Court, Dutchess County, dated October 28, 1975, which denied appellant's motion to dismiss the complaint as against it on the ground that it is neither a necessary nor a proper party. Order reversed, on the law, with $50 costs and disbursements, and motion granted. No fact questions were considered on this appeal. On December 19, 1974 plaintiff filed a mechanic's lien in the office of the County Clerk, Dutchess County, against the affected property. On January 21, 1975 Cedar Associates, the fee owner, filed a bond with the County Clerk, pursuant to subdivision (4) of section 19 of the Lien Law, to discharge the lien. In September, 1975, appellant, a subsequent mortgagee of some 34 lots on the liened property, was served with process in the foreclosure action commenced by the plaintiff. Had no bond been posted to discharge the lien, service upon appellant would have been necessary pursuant to subdivision 2 of section 44 of the Lien Law. Insofar as is here relevant, section 44 provides: "§ 44. Parties to an action in a court of record. In an action in a court of record to enforce a lien against real property * * * the following are necessary parties defendant: * * * 2. All persons having subsequent liens or claims against such real property, by * * * mortgage * * * recorded prior to the filing of the notice of lis pendens, where by law the filing of a

notice of lis pendens is proper or required." However, there is no longer in existence an action to enforce a lien against real property. The bond has replaced the real property as the security to be attached and attacked. In such a case, section 37 (bond to discharge all liens) of the Lien Law comes into play. Subdivision (7) thereof sets forth the classes of persons who shall be joined as parties defendant, namely "the principal and surety on the bond, the contractor, and all claimants who have filed notices of claim prior to the date of the filing of such summons and complaint." Appellant, as a mortgagee, is not included among the class of parties to be served. Accordingly, the motion to dismiss the complaint as against appellant should have been granted (see *Middletown Supply v S. M. K. Development Corp.,* 75 Misc 2d 1087). In our view the reliance by Special Term on *Morton v Tucker* (145 NY 244) was misplaced. There, O'Keefe and O'Hara were the sureties on Tucker's bond, and, as such, were necessary parties defendant. Appellant is in neither the same nor a similar position. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.