■ WARRINER SMITH UTIL., INC., Appellant, v BARNEY CONSTRUCTION Co., INC., Defendant, and EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.—In an action to foreclose a mechanic's lien, the plaintiff appeals from so much of an order of the Supreme Court, Orange County, entered May 10, 1977, as (1) denied its motion for summary judgment as against defendant Equitable Life Assurance Society of the United States and (2) granted defendant Equitable's motion, *inter alia,* for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. No opinion. Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur; Hawkins, J., concurs insofar as the majority has affirmed the denial of plaintiff's motion for summary judgment as against defendant Equitable, but otherwise dissents and votes to reverse the order insofar as it granted the motion of defendant Equitable, *inter alia,* for summary judgment, with the following memorandum: In my opinion, Special Term erred in granting summary judgment for there are issues presented which warrant a plenary trial. I am compelled to disagree with the reasoning used by Special Term in differentiating and distinguishing the holding in *HNC Realty Co. v Golan Hgts. Developers* (79 Misc 2d 696). Whether the recital in the borrower's statement that there will be available to the borrower "the net sum" of "NO Dollars" conforms to section 22 of the Lien Law, and whether moneys were paid for taxes or for the satisfaction of, or the assignment of, the underlying mortgages, are issues which should be resolved at a trial. It may well be, as this court noted in *Bryant Equip. Corp. v A-1 Moore Contr. Corp.* (51 AD2d 792), that "bonding" a lien pursuant to section 19 of the Lien Law discharges the lien. Nevertheless, there remains the disturbing question whether a mortgagee of a mortgage which may be violative of section 22 of the Lien Law, can so facilely render a mechanic's lien ineffective by limiting itself, at the mortgage foreclosure sale, to bidding the sum due under the mortgage, thereby wiping out the mechanic's lien. We are presented with a rather adroit maneuver whereby an affluent mortgagee is able to bond a mechanic's lien, wipe out the lienor, and then recover its deposit, "with accrued interest thereon from the date of said deposit". In my opinion, the issues relating to the borrower's statement and the foreclosure should not have been disposed of summarily.

■ In the Matter of FORREST A. In the Matter of LOUIS A. In the Matter of MICHAEL A. ST. CHRISTOPHER'S HOME, Respondent; MARIE A. B., Appellant.—In proceedings to declare three children neglected and to terminate parental custody, the mother of the children appeals from three orders of the Family Court, Kings County, all dated March 16, 1977, which, after a hearing, *inter alia,* permanently terminated her custody over the children. Orders affirmed, without costs or disbursements. The determinations of the Family Court are unassailable and are clearly in the best interests of the children. Martuscello, J. P., Shapiro, Cohalan and Margett, JJ., concur.