■ D. M. I. PAINTING, INC., Respondent, v EASTERN LONG ISLAND HOSPITAL, Appellant, and TRI-MAR CONTRACTORS, INC., Respondent, et al., Defendant. (Action No. 1.) ITCO DRYWALL, INC., Plaintiff, v EASTERN LONG ISLAND HOSPITAL ASSOCIATION, Appellant, and TRI-MAR CONTRACTORS, INC., Respondent, et al., Defendants. (Action No. 2.) MACEDOS' CONCRETE CORP., Plaintiff, v TRI-MAR CONTRACTORS, INC., Respondent, and EASTERN LONG ISLAND HOSPITAL ASSOCIATION, INC., Appellant, et al., Defendants. (Action No. 3.)— In an action to recover moneys due on a contract and to enforce a mechanic's lien, and two other actions, Eastern Long Island Hospital appeals from an order of the Supreme Court, Suffolk County, entered November 9, 1979, which denied its motion to consolidate the actions or, in the alternative, to dismiss the second cause of action asserted in Action No. 1 upon the ground that the plaintiff therein failed to join as necessary parties other persons who had filed notices of mechanic's lien against the subject premises. Order modified, on the law, by adding thereto, immediately after the provision denying the motion, the following: "except that the motion is granted to the extent that the second cause of action asserted in Action No. 1 is dismissed unless plaintiff, D.M.I. Painting, Inc., serves an amended summons and complaint to include as parties defendant all of the lienors required to be joined under section 44 of the Lien Law." As so modified, order affirmed, with $50 costs and disbursements payable by the plaintiff in Action No. 1 to appellant. D. M. I.'s time to serve an amended summons and complaint is extended until 30 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. The plaintiff in the first action, D. M. I. Painting, Inc., is a subcontractor that was hired to do work on property owned by Eastern Long Island Hospital (Eastern). D. M. I. filed a lien against the property on March 17, 1977 and on May 13, 1977, Eastern deposited the sum of $9,307.37 with the court pursuant to section 20 of the Lien Law to discharge the lien. D. M. I. commenced its action on the contract between it, Eastern and Tri-Mar, and on the mechanic's lien in June, 1977. In its complaint, D. M. I. named only Eastern, Tri-Mar and the "Clerk of the Court" as defendants although there were others who had filed liens on the same property. This motion for consolidation was made after D. M. I.'s action was scheduled for trial. Section 44 of the Lien Law lists

certain persons who must be joined as parties in an action to foreclose a mechanic's lien. Since D. M. I.'s lien was discharged, no notice of pendency could have been filed in Action No. 1 (see Lien Law, § 17) and any person who filed a mechanic's lien against the property in question should have been joined (see Lien Law, § 44, subd 4). There were other lienors, notably the plaintiffs in Actions Nos. 2 and 3, who were not joined in this instance. The language of section 44 leaves no room for doubt that all of the lienors in an action to foreclose a lien must ordinarily be joined. The Lien Law also expresses a strong policy in favor of having all controversies arising out of liens on the same property resolved in the same action (*Mellen v Athens Hotel Co.*, 149 App Div 534; *Gee Dee Painting Co. v Boston Realty Corp.*, 217 NYS2d 407). One indication of the strength of this policy is section 62 of the Lien Law, which provides for joinder of lienors who have filed their notices of claim after the commencement of a foreclosure action "at any time up to and including the day preceding the day on which the trial of such action is commenced". The respondents, relying on this court's decision in *Bryant Equip. Corp. v A-1 Moore Contr. Corp.*, (51 AD2d 792), argue that depositing money into court under section 20 of the Lien Law discharges the lien and makes joinder of other lienors unnecessary since "The bond has replaced the real property as the security to be attached and attacked" (see *Bryant Equip. Corp. v A-1 Moore Contr. Corp., supra*, p 793). Special Term relied upon the same case. That reliance was misplaced. In *Bryant Equip. Corp. (supra)*, a bond was filed pursuant to subdivision (4) of section 19 of the Lien Law. In reversing Special Term, this court specifically relied upon the fact that the filing of such a bond calls section 37 of the Lien Law into play and subdivision (7) of section 37 supersedes section 44 and names the parties to be joined under those circumstances. The appellant was not among the parties to be joined. A deposit into court under section 20 of the Lien Law has no such effect. While it does provide a new focus for the lienors' attack and does discharge the lien, such a deposit does not change the joinder rule implicit in section 44. The failure of the appellant to move until the eve of trial is deplorable but does not constitute a waiver (see CPLR 3211, subd [a], par 10; subd [e]; cf. *Matter of Fellner v McMurray*, 41 AD2d 853). Consolidation lies within the trial court's discretion (Lien Law, § 43) and we cannot say that Special Term abused its discretion in refusing to consolidate, although it may still choose to consolidate, upon a renewed motion, given the decision of this court. However, the language of section 44 is unequivocal. The other lienors who have an interest in the property in question by virtue of their liens must be joined in D. M. I.'s action as parties defendant. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.