■ In the Matter of ROALD OZOLS, Respondent, v EARLE B. HENLEY, JR., et al., Constituting the Planning Board of the Town of New Castle, Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of New Castle, which, after a hearing, denied petitioner's application for approval of a subdivision plat, the appeal is from a judgment of the Supreme Court, Westchester County, dated October 22, 1980, which, *inter alia,* annulled the determination. Leave to appeal is granted by Mr. Justice Damiani. Judgment reversed, on the law, without costs or disbursements, the Town of New Castle is added as a party respondent, the petitioner is directed to serve a supplemental notice of petition and petition on the town and matter remitted to Special Term for further proceedings in accordance herewith. Petitioner is the owner of approximately 13 acres of land which is situated between Sheather Road and Tripp Street in the Town of New Castle. Petitioner applied to the Planning Board of the Town of New Castle for approval of a proposed five lot subdivision plat for this parcel. The plat complies with the town's zoning ordinances. Four of the lots would front on Tripp Street, and the remaining lot would front on Sheather Road. Both streets are owned by the Town of New Castle. The planning board denied subdivision approval upon the ground that "the addition of four new building lots on Tripp Street without road improvements would create a clear and present safety hazard to the public and particularly to the present residents and the potential owners of the four new lots." Additionally, the planning board found that the proposed building lot fronting on Sheather Road would not present any danger to traffic, and approved development on said lot. Special Term annulled the planning board's determination and directed the planning board (1) to reconsider the application without regard to offsite problems; and (2) to approve the application in the event that the only reason for nonapproval is the deficiency of Tripp Street. The planning board has been given authority to approve subdivision plats by sections 276 and 277 of the Town Law and chapter 113 of the Code of the Town of New Castle. The board may properly consider the impact of the proposed development on adjacent territory, including the effects on traffic safety (see *Matter of Pearson Kent Corp. v Bear,* 28 NY2d 396; *Beekman Props. v Planning Bd. of Town of East Fishkill,* 75 AD2d 798). There was substantial evidence to support the board's finding that the new development would create a safety hazard due to the inadequate condition of Tripp Street. The determination thus has a rational basis and cannot be considered arbitrary or capricious (see *Matter of Cowan v Kern,* 41 NY2d 591). Petitioner contends that the action of the planning board is unconstitutional since it indefinitely restricts further development of his parcel until such time as the town acts to make improvements to Tripp Street. While a temporary restriction which would allow the property to be put to a profitable use within a reasonable time is constitutional (see *Matter of Golden v Planning Bd. of Town of Ramapo,* 30 NY2d 359), the restriction must be kept within the limits of necessity (see *Matter of Charles v Diamond,* 41

NY2d 318). There is support in the record for a finding that Tripp Street is inadequate for existing traffic notwithstanding the proposed new development. However, the record does not contain any explanation that may justify the delay in improving Tripp Street and does not reveal what steps are planned (see *Matter of Charles v Diamond, supra,* pp 325-327). Therefore the proof necessary for an intelligent judicial evaluation of petitioner's claim has not been submitted. Under the circumstances, the town is a necessary party respondent to the determination of the petitioner's constitutional claim and in its absence we are precluded from considering the merits of that issue (see CPLR 1001; *Matter of Brandt v Zoning Bd. of Appeals of Town of New Castle,* 90 Misc 2d 31, affd on the opn at Special Term 61 AD2d 1012). The court may add parties at any stage of the proceeding (see CPLR 1003). Accordingly, petitioner is directed to serve a supplemental notice of petition and petition on the Town of New Castle (see *Matter of Fellner v McMurray,* 41 AD2d 853). Damiani, J.P., Mangano, Gibbons and Gulotta, JJ., concur.