OPINION OF THE COURT
Michael C. Curci, J.
Plaintiff, Henry Quentzel Plumbing Supply Co., Inc., hereinafter Quentzel, is bringing this action essentially for a money judgment to enforce a mechanic’s lien filed against the defendant, the filing date of such lien being March 15, 1982.
The defendant, in its answer and memorandum, moves to dismiss the complaint pursuant to CPLR 3211, 3212 for the failure to state a cause of action and for failure to join necessary parties defendant. Defendant argues that there are other senior liens filed and outstanding against this same property.
Furthermore, the defendant argues that the plaintiff has failed to move to consolidate this case with a parallel action now pending in this court (Veteran Pipe Covering Co. v M.L.R. Plumbing Corp., Kings County, index No. 24261/82).
Plaintiff argues the deposit of a bond into court discharges a lien on real property (Lien Law § 55) and thus relieves the plaintiff of his obligation to join all other lienors and his failure to do so will not result in the dismissal of the complaint. This is not necessarily so.
*752 The key to deciding what parties are necessary manifests out of a reading of the plaintiff’s “wherefore” clause. Let us analyze one at a time each clause of the “wherefore” demand.
(1) At plaintiff’s paragraph 1 of his “wherefore” clause, he demands: “The court adjust and determine the equities of all of the parties to this action and decide as to the justice, extent and priority of the various liens and claims upon the property herein described.” While paragraph 1 is out of order and could better have been the last paragraph in that it comes into play only after an order of sale, there is never any harm in determining equities to deciding justice at all stages of procedure. The plaintiff has practically paraphrased Lien Law § 44 which reads as follows: “In an action in a court of record to enforce a lien against real property * * * the following are necessary parties defendant”. We really need go no further but to show that the plaintiff itself in its first paragraph of its wherefore clause verbatim dictates bringing in “all of the parties”. Therefore, by the plaintiff’s own definition all of the parties dictated by section 44 must be joined.
(2) At its “wherefore” clause in paragraph 2 plaintiff demands: “Judgment must be returned in favor of plaintiff against the real property in this action to enforce plaintiff’s mechanic’s lien”. It has again paraphrased the very language of section 44 and therefore must bring in the necessary parties defendant dictated by section 44.
(3) If the defendant’s wherefore clause 3 had been his only demand, since it is essentially on the bond, he may have gotten away with only the parties stated at Lien Law § 37 (7), which speaks of actions on the bond. However, we have shown this is not the case. Plaintiff’s demands go much further thap demanding merely collection on the bond. We need not for these purposes delineate each and every other demand plaintiff has made at its “wherefore” clause. Suffice to say, it has brought Lien Law §§37, 44 into play most definitely.
DM.I. Painting v Eastern Long Is. Hosp. (74 AD2d 838) and Bryant Equip. Corp. v A-l Moore Contr. Corp. (51 AD2d 792) clearly show that the plaintiff’s action here is not at all merely on the bond and that therefore Lien Law § 37 only applies to paragraph 3 of the wherefore clause but not to, perhaps more important, paragraphs 1 and 2 of the wherefore clause.
As to paragraphs 1 and 2 of the wherefore clause, the plaintiff must comply with the dictates of section 44 and serve the necessary parties defendant, and as to paragraph 3 of the wherefore clause, the plaintiff must comply with Lien Law § 37 and *753 serve the necessary parties defendant named to be joined at Lien Law § 37 (7).
Consolidation lies within the court’s discretion (Lien Law §§43, 62). The action could have been dismissed for failure to join necessary parties defendant. The court finds, in its discretion, no benefit to any party to dismiss what work has already been done, the present summons and complaint, etc. However, the plaintiff must serve an amended complaint having all necessary parties defendant, consolidating the action, and it must serve all parties defendant. “The language of section 44 leaves no room for doubt that all of the lienors in an action to foreclose a lien must ordinarily be joined. The Lien Law also expesses a strong policy in favor of having all controversies arising out of liens on the same property resolved in the same action (Mellen v Athens Hotel Co., 149 App Div 534; Gee Dee Painting Co. v Boston Realty Corp., 217 NYS2d 407). One indication of the strength of this policy is section 62 of the Lien Law, which provides for joinder of lienors * * * ‘at any time up to and including the day preceding the day on which the trial of such action is commenced.’ ” (D.M.l. Painting v Eastern Long Is. Hosp., 74 AD2d 838, 839, supra.)
A deposit into the court under Lien Law § 20, which is analogous to a bond, does not have the effect of excusing joining necessary parties defendant.
“A deposit into court under section 20 * * * [w]hile it does provide a new focus for the lienors’ attack and does discharge the lien, such a deposit does not change the joinder rule implicit in section 44. The failure of the appellant to move until the eve of trial is deplorable but does not constitute a waiver (see CPLR 3211, subd [a], par 10; subd [e]; cf. Matter of Fellner v McMurray, 41 AD2d 853).” (D.M.I. Painting v Eastern Long Is. Hosp., supra, p 839.)
Therefore, the other lienors who have interest in the property by virtue of liens must be joined in plaintiff’s action as parties defendant before this action can proceed.
Motion to dismiss the complaint granted unless plaintiff moves by March 1, 1985 to consolidate this action with Veteran Pipe Covering Co. v M.L.R. Plumbing Corp. (Kings County, index No. 24261/82) and serves a summons and amended complaint on all necessary parties that must be joined within 30 days of the entry of an order deciding plaintiff’s proposed motion to consolidate. This case is remanded to Trial Term, Part I, “off calendar” for further proceedings consistent with this decision.