■ ALBERT C., Respondent, v JOAN C., Defendant, and GERALD S., Appellant.

What is at stake in the underlying action is the paternity of a 17-year-old child. Pursuant to CPLR 1001 (a), persons who might be inequitably affected by a judgment in an action should be made a party thereto. A child whose paternity is being refuted, as in the instant case, clearly constitutes such a person. Accordingly, a resolution of the issues raised by plaintiff's action requires the joinder of his purported daughter so that all persons whose interests are affected will be before the court (*see, Matter of Fellner v McMurray,* 41 AD2d 853, 854). Upon remittitur, a guardian ad litem shall be appointed in accordance with CPLR 1202 in order to insure the protection of the child's interests.

Although nonjoinder of a necessary party was not raised by anyone at Special Term, it may be raised on the court's own motion at any stage of a case (*see, Matter of Lezette v Board of Educ.,* 35 NY2d 272, 282; *First Natl. Bank v Shuler,* 153 NY 163, 170; *Matter of Ozols v Henley,* 81 AD2d 670, 671, *appeal dismissed* 54 NY2d 1023; *Matter of Fellner v McMurray, supra;* CPLR 1003; 2 Weinstein-Korn-Miller, NY Civ Prac, ¶ 1001.03).

In the present posture of this case, we pass upon no further issue. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.