[863 NYS2d 686]

In the Matter of Roger L. Cohen (Admitted as Roger Lee Cohen), an Attorney, Resignor.

Second Department, July 29, 2008

**APPEARANCES OF COUNSEL**

*Timothy J. Brennan*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Roger L. Cohen has submitted an affidavit dated April 14, 2008, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Cohen was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 29, 1962, under the name Roger Lee Cohen.

Mr. Cohen avers that his resignation is voluntary and free from coercion and duress. He submits it after review with counsel and with a full awareness of the implications of its submission.

Mr. Cohen acknowledges his awareness of a pending investigation into allegations of professional misconduct concerning his mishandling of client funds. He admits that if charges were predicated upon those allegations, he would be unable to successfully defend himself on the merits against them.

Mr. Cohen is aware that in any order permitting him to resign, the Court could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He further acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) supports acceptance of Mr. Cohen's affidavit of resignation as in the best interests of the public and submits that acceptance is the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the subject resignation comports with all pertinent court rules, it is accepted, and, effective immediately, Roger L. Cohen is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's pending motion to immediately suspend the respondent is denied as academic in view of his resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and CARNI, JJ., concur.

Ordered that the resignation of Roger L. Cohen, admitted as Roger Lee Cohen, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Roger L. Cohen, admitted as Roger Lee Cohen, is

disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Roger L. Cohen, admitted as Roger Lee Cohen, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Roger L. Cohen, admitted as Roger Lee Cohen, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the motion by the Grievance Committee for the Ninth Judicial District, inter alia, to suspend Roger L. Cohen, admitted as Roger Lee Cohen, from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (iii) is denied as academic in view of his resignation; and it is further,

Ordered that if Roger L. Cohen, admitted as Roger Lee Cohen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).