| |
|---|
| **Strikeforce Mech. Corp. v Red Hook 160 LLC** |
| 2025 NY Slip Op 31471(U) |
| April 25, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 521878/2022 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, located at 360 Adams
Street, Borough of Brooklyn, City and State of New
York on the 25th day of April 2025.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------x

STRIKEFORCE MECHANICAL CORP.,

                Plaintiff,

                -against-

RED HOOK 160 LLC and PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                Defendants.

-------------------------------------------------------------------x

The following e-filed papers read herein:
MS 2

Index No. 521878/2022

Cal. No. 11    MS 2

**Decision and Order**

NYSCEF Doc Nos.
64-95

Upon the foregoing papers, defendants' motion to consolidate pursuant to CPLR § 602(a) and Lien Law § 43 is decided as follows:

### Background

Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") moves to consolidate the instant case with a mechanic's lien foreclosure action—*Manda International Corp. v. Red Hook 160 LLC et al.*, Index No. 531163/2022—in which Philadelphia is also a defendant, pursuant to CPLR § 602(a) and Lien Law § 43. Philadelphia argues that both cases involve alleged non-payment for work performed on the same construction project at 160 Imlay Street, concern substantially overlapping legal and factual issues, and seek foreclosure of mechanic's liens

1

discharged by bonds issued by Philadelphia. Philadelphia emphasizes that both plaintiffs are affiliated entities owned by the same individual, share a business address, and are represented by the same counsel. Philadelphia contends that plaintiff Strikeforce Mechanical Corp. ("Strikeforce") served as a subcontractor to Manda International Corp. ("Manda") and that Manda's lien includes work performed by Strikeforce, further tying the claims together. Philadelphia asserts that consolidation would avoid duplicative discovery, unnecessary expense, and inconsistent outcomes, particularly since neither action has progressed beyond document production. Philadelphia further contends that co-defendant Red Hook 160 LLC has already consented to consolidation, but plaintiffs have refused, prompting Philadelphia to seek judicial relief.

In opposition, Strikeforce argues that consolidation would be improper and prejudicial due to the distinct nature of the two actions. Strikeforce asserts that it performed a separate scope of work under a time-and-materials arrangement, completed its work by January 2020, and helped secure TCOs for cores A through C; by contrast, Manda had a formal written construction management contract beginning in December 2019 and continued work into August 2020 in other cores of the building. Strikeforce claims that the legal issues, timeframes, and counterclaims are different in each case, and that consolidation would create jury confusion, force each plaintiff to defend against unrelated claims, and unfairly conflate the parties' liability.

In reply, Philadelphia argues that Strikeforce's opposition fails to rebut the legal grounds for consolidation and instead relies on tactical and unsupported objections. Philadelphia argues that Strikeforce fails to address Lien Law § 43, which supports consolidation of lien foreclosure actions involving the same property, even if the liens have been bonded. Philadelphia reasserts that both actions arise from the same project, involve the same defendants, and contain overlapping factual issues—including Manda seeking payment for work performed by Strikeforce.

2

Philadelphia contends Strikeforce's claims of prejudice and jury confusion as speculative and unsupported, noting that courts favor consolidation to promote efficiency and reduce inconsistencies. Philadelphia also argues that the plaintiffs' separate corporate identities do not preclude consolidation, especially given their shared ownership, shared address, shared counsel, and interrelated claims.

## Discussion

"A motion to consolidate two or more actions rests within the sound discretion of the trial court" (*Rhoe v Reid*, 166 AD3d 919, 921 [2d Dept 2018] [citation omitted]). Pursuant to CPLR § 602, "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." "A motion to consolidate pursuant to CPLR 602(a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (*Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 850 [2d Dept 2008] [citations omitted]). "Consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (*id.*).

Additionally, pursuant to Lien Law § 43, for actions "to enforce mechanics' liens on real property," "[i]f actions are brought by different lienors in a court of record, the court in which the first action was brought, may, upon its own motion, or upon the application of any party in any of such actions, consolidate all of such actions." "The Lien Law also expresses a strong policy in favor of having all controversies arising out of liens on the same property resolved in the same action" (*Henry Quentzel Plumbing Supply Co., Inc. v 60 Pineapple Residence Corp.*, 126 Misc 2d 751, 753 [Sup Ct 1984] [citation omitted]).

3

Here, consolidation is warranted under both CPLR § 602(a) and Lien Law § 43. The two actions arise from the same construction project at 160 Imlay Street in Brooklyn. Both plaintiffs assert claims for non-payment against the same defendant, Red Hook 160 LLC, and seek to foreclose on mechanic's liens for labor and materials furnished at the same property. Philadelphia Indemnity Insurance Company, the surety for both discharged liens, is also a named defendant in both actions. Although the plaintiffs are distinct legal entities, they are both owned by the same individual, Angelo Corrao, are represented by the same counsel, share a business address as reflected in their respective liens, and allege substantially interrelated claims. Moreover, Strikeforce acted as Manda's subcontractor for a significant portion of the project, and Manda's lien itemization includes "hundreds of pages of Strikeforce invoices and other documents concerning Strikeforce's work." This overlap further demonstrates that the same work and factual allegations are at issue in both actions, such that the claims cannot be fully adjudicated in isolation without risking inconsistent results or inefficiencies.

Moreover, the procedural posture of the two actions weighs in favor of consolidating the two cases for joint discovery and trial. The Manda action was commenced less than three months after the Strikeforce action, and both cases remain at substantially the same stage: no depositions have been scheduled or taken, and the parties are still engaged in documentary discovery.

Based on the foregoing, defendants' motion is granted to the extent that *Strikeforce Mechanical Corp. v. Red Hook 160 LLC et al.*, Index No. 521878/2022, and *Manda International Corp. v. Red Hook 160 LLC et al.*, Index No. 531163/2022, are hereby joined for purposes of discovery and trial. Each case shall retain its own index number, file a separate RJI, separate notes of issue, and file separate judgments.

ENTER:

HON. REGINALD A. BODDIE
J.S.C.

4