fied that it was replaced for a few days by 118, and that the order was given as to 118. Thus, while this testimony may have been open to suspicion that the fact was otherwise, there was no evidence that it was otherwise, and hence there was a failure of proof that any order had been given to follow up engine 132, and also that the order had been given as to it before the fire. Hence the jury had no right to find that such evidence respecting engine 132 had been given, and therefore could not make use of it to inculpate engine 132, and the court erred in permitting them to do so. Linkhauf v. Lombard, 137 N. Y. 417, 425, 33 N. E. 472.

There was no evidence that the sparks emitted from the engine were of unusual size, or greater in quantity than a well-constructed spark arrester will emit. This way train had stopped near where the fire kindled to pick up some ties. It was upon a curve, and, no doubt, in starting, the engine emitted sparks copiously. Under the repeated adjudications of the court, this is not of itself evidence of negligence. Flinn v. Railroad Co., 142 N. Y. 11, 36 N. E. 1046; Wiedmer v. Railroad Co., 114 N. Y. 462, 21 N. E. 1041; McCaig v. Railway Co., 8 Hun, 599; Frier v. Canal Co., 86 Hun, 464, 33 N. Y. Supp. 886; Miller v. Railroad Co., 92 Hun, 282, 36 N. Y. Supp. 719; Brown v. Railroad Co., 4 App. Div. 465, 38 N. Y. Supp. 655; Van Nostrand v. Railroad Co., 78 Hun, 549, 29 N. Y. Supp. 625; Searles v. Railway Co., 101 N. Y. 661, 5 N. E. 66. In Tanner v. Railroad Co., 108 N. Y. 623, 15 N. E. 379, cited by plaintiff, the sparks emitted were "half as large as a walnut." In Field v. Railroad Co., 32 N. Y. 346, "the injury was caused by dropping from defendants' engines coals of fire," and "their engines were without any screens on the fire boxes or pans to retain the fire." Whether the same verdict would have been rendered upon the other branch of the case, we do not know.

The judgment must be reversed; new trial granted; costs to abide the event. All concur.

---

(22 App. Div. 593.)

GRIPPEN v. WEED et al.

(Supreme Court, Appellate Division, Third Department. December 7, 1897.)

1. MECHANIC'S LIEN—NOTICE OF CLAIM.
     Laws 1885, c. 342, § 4, provides that the notice of mechanic's lien shall contain the name of the owner, lessee, general assignee, or person in possession of the premises against whose interest a lien is claimed. A notice was filed which set out that materials were furnished to a contractor who was erecting the building for one M., the owner thereof; and the owner, lessee, etc., "against whose interest a lien is claimed," was said M. It was also alleged that said lands belonged to one W., and that the buildings belonged to M.; and that claimant claimed a lien upon such buildings so erected, and further claimed a lien upon the land to the extent of the "title and interest of such owner," etc. Held, that no lien was obtained against the land.

2. SAME—STATEMENT OF OWNER'S NAME.
     Laws N. Y. 1885, c. 342, § 4, which provide that the failure to state the name of the true owner, lessee, etc., shall not impair the validity of a mechanic's lien, has no application where the claimant, knowing the name of

the owner of the premises, and also that of the lessee thereof, expressly limits his claim to the interest of such lessee therein.

Appeal from special term.

Action by Bartlett B. Grippen against Edwin A. Weed and others to enforce a mechanic's lien.  Judgment for plaintiff, and defendant Weed appeals.  Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

C. H. Sturges, for appellant.

Edgar T. Brackett, for respondent.

PER CURIAM.  Section 1 of chapter 342 of the Laws of 1885 enacts that any person entitled to a mechanic's lien, under the provisions thereof, may effectuate the same on filing the notice prescribed in the fourth section of the act.  Under the provisions of section 4, the notice of lien shall contain the names and residences of the claimants, the nature and amount of the labor and services performed or materials furnished, with the name of the owner, lessee, general assignee, or person in possession of the premises against whose interest a lien is claimed.  The notice filed in this case states:

"That the name of the person by whom the claimant was employed, and to whom he furnished said lumber and such materials, is William Groat, contractor, who was erecting said buildings above mentioned for Aaron B. McGrillis, the owner thereof, pursuant to contract with him. * * * That the name of the owner, lessee, general assignee, or person in possession of the premises against whose interest a lien is claimed is Aaron B. McGrillis. That such materials were furnished with the consent of said owner. * * * That said lands above described belong to one Edwin A. Weed, and that the buildings thereon belong to Aaron B. McGrillis, and were erected thereon by and under an agreement between said Weed and said McGrillis that said buildings might be removed therefrom by said McGrillis. The claimant has and claims a lien * * * upon such house and building, said building so erected upon said above-described lands; * * * and claimant further claims a lien upon all appurtenances, and upon the lot, premises, parcel, and farm of land upon which the same stands, pursuant to the statute in such case made and provided, to the extent of the right, title, and interest at the time existing of such owner, whether owner in fee or of a less estate, or whether a lessee for a term of years, or vendee in possession, under a contract existing at the time of the filing of this notice of lien, or of the owner of any right, title, or interest in such estate."

It will be seen by the above quotations that the plaintiff in the notice of lien expressly stated that the name of the owner, lessee, or party in possession against whom he claimed a lien was Aaron B. McGrillis; that the materials for which a lien was claimed were furnished with his consent.  It is true that the notice subsequently states that the lands described therein belong to the appellant, but it does not say that the materials were furnished with his consent, or claim a lien upon his interest in the premises.  The last clause in the notice, where the plaintiff asserts a lien upon the building erected upon said premises, and upon the lot on which the same stands to the extent of the right, title, and interest at the time existing of such owner, must be deemed to refer to McGrillis, the owner of the building, and the party whom the claimant had before designated as the one against whose interest a lien was claimed.  The provision of section 4, supra, that "the failure to state the name of the true owner, lessee, general

assignee or person in possession shall not impair the validity of a lien," has no application in a case like this, where the claimant, knowing the name of the owner of the premises and the lessee in possession thereof who has erected a structure thereon, for whom the plaintiff furnished materials, in his notice of lien expressly limits his claim to the interest of such lessee therein.    It is evident that the plaintiff, in filing his notice of lien, intended to create it against the interest of McGrillis in the premises described therein, and not against that of the general owner.    It will be observed that in the docket of the lien Bartlett B. Grippen is named as claimant, William Groat as contractor, and Aaron B. McGrillis as owner.    The name of the appellant does not appear therein.

There being no notice of lien filed as against the appellant, without considering other questions raised, the judgment should be reversed, and final judgment rendered for the appellant; with costs in this court and the court below.

---

(22 App. Div. 579.)

### GARDINER v. VAN ALSTYNE et al.

(Supreme Court, Appellate Division, Third Department.   December 7, 1897.)

1. JUDGMENTS—FRAUD—WHEN A DEFENSE.
    Fraud and imposition which invalidate a judgment may be alleged as a defense to an action on the judgment.

2. SAME—EQUITABLE RELIEF.
    Equity will not interfere to set aside a judgment in an action in another court on charges of fraud which could have been tried and decided in that action, whether or not the pleadings would have permitted it.

3. SAME—NATURE OF FRAUD—NOTICE.
    In order to set a judgment aside for fraud, the judgment debtor must show fraud in the concoction of the judgment, and that, at the time judgment was rendered, he did not know the facts constituting the fraud, and could not have acquired knowledge thereof by diligent and careful inquiry.

4. SAME—SUFFICIENCY OF EVIDENCE.
    Where one seeks to set a judgment aside for fraud, on the ground that the note sued on had been paid without his knowledge, and, by his sworn answer filed in the action in which judgment was rendered, it is alleged on information and belief that the party who sued on the note was not the real owner, but that it was really owned by another, as would have been the case had the note been paid, and it further appeared that no appearance or defense was made at the trial, there was sufficient information shown to have put the party seeking relief on inquiry; and there was failure to show that, by diligence, the fraud set up as a defense to the action to enforce the judgment could not have been discovered and set up at the time the alleged void judgment was rendered.

Appeal from trial term.

Action by Marcus Gardiner against Richard H. Van Alstyne and Lester Van Alstyne and others.    From a judgment in favor of plaintiff, and an order denying motion for a new trial, defendants Van Alstyne appeal.    Affirmed.

This action is brought to recover upon a judgment obtained by the Farmers' National Bank of Amsterdam against the appellants, Richard H. Van Alstyne and Lester Van Alstyne, together with Leonard Y. Gardiner, Zebulon Phillips, and Harmon Wendell, in March, 1878, and by the bank subsequently assigned to this plaintiff.  The defendants and appellants, the Van Alstynes, in answer