EDWARD STRAUCHEN, Respondent, *v.* JAMES S. PACE et al.,
Defendants, and WILLIAM BARR et al., Appellants.

**Mechanic's lien — meaning of term "owner" as used in the statute.**

Section 2 of the Lien Law enlarges the meaning of the term "owner,"
and a notice designating a person as such will be valid, even if the
ownership be not of the fee, but of some lesser estate, or of some
contractual interest in the property. If the notice fails to state the
name of the true owner, then the provision of the 9th section pre-
serves the validity of the lien so far as the person so named as owner
and against whom a lien is asked may, in fact, have some title or
interest, to the extent of that interest. But a notice of lien filed against
a party designated therein as the owner of the property, who is not the
true owner, is *not by reason of such filing* valid as against the unnamed
owner of the fee.
*Strauchen* v. *Pace*, 123 App. Div. 914, affirmed.

(Argued March 23, 1909; decided April 6, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
January 15, 1908, affirming a judgment in favor of plaintiff
entered upon a decision of the court on trial at an Equity
Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John R. Fanning* for appellants. Appellants' notice of
lien filed January 16, 1907, addressed to the Rochester Turk-
ish Baths as owner, is prior and superior to that of the plain-
tiff filed January 17, 1907, addressed to James S. Pace and,
Rochester Turkish Baths, owners. (*Schmalz* v. *Mead*, 125
N. Y. 188; *Spruck* v. *McRoberts*, 19 N. Y. Supp. 128; 139
N. Y. 193; *Berry* v. *Gavin*, 88 Hun, 2; *Walkman* v. *Henry*
7 Misc. Rep. 532.)

*C. C. Werner* for respondent. Barr & Creelman's first
lien does not attach to the real estate because of their failure
to make any claim against the interest of James S. Pace, the

undisputed sole owner of the premises. (*Grippin* v. *Weed*, 22 App. Div. 593; *De Klyn* v. *Simpson*, 34 App. Div. 436; 165 N. Y. 282; *Jones* v. *Menke*, 36 App. Div. 636; *Packard* v. *Sugarman*, 31 Misc. Rep. 623.) The respondent's lien having concededly been filed prior to appellants' second notice, it is a prior and superior lien. (*Paine* v. *Wilson*, 74 N. Y. 348.)

GRAY, J. The action was brought to foreclose certain mechanics' liens. The plaintiff and the defendants, the firm of Barr & Creelman, had entered into contracts with the Rochester Turkish Baths, a corporation; the former to do the mason work and the latter to do the plumbing work upon and in a building to be erected by the baths company. The defendant Pace was the owner of the fee of the land, upon which the building was to be put up, and he was the president of the baths company; in which latter capacity he signed the contracts. Upon the completion of the work contracted for, notices of liens were filed by various persons who had contributed to the work of construction. The controversy turns here upon those which were filed by the plaintiff and by Barr & Creelman. On January 16th, 1907, the latter filed a notice of lien against the Rochester Baths Company, designated therein as the owner of the real property described. On January 17th, 1907, the plaintiff filed a notice of lien against Pace as the owner and the Rochester Turkish Baths, as having "some interest in the said property, either as purchaser by contract, lessee, licensee or occupant of the said premises." Within an hour after the plaintiff had filed his notice, Barr & Creelman filed another notice of lien, for the same work and materials as in their previous claim, against Pace and the baths company; designating the former as the owner and the latter as "vendee, lessee, licensee or occupant of said premises." Some time after the filing of these liens, Pace conveyed by deed to the baths company the premises. Pace's deed was not recorded; but it was conceded, at the time of the trial, that the company was in possession. There is no evidence of any

anterior contract having been made between Pace and the company for the sale and purchase of the property. That the work and materials were performed and furnished with the consent of the owner is a self-evident proposition and the fact was not in dispute.

The trial resulted in a decree, which adjudged, among other things, that plaintiff's lien was prior to all other liens and that the lien of Barr & Creelman was next, in order of payment from the proceeds of the sale in foreclosure. The correctness of this feature of the decree, which has been affirmed by the Appellate Division, presents the one question requiring consideration; in view of the construction sought to be placed by the appellants upon the provisions of the Lien Law of 1897. By the second section of the act, " the term ' owner,' when so used, includes the owner in fee of real property, or of a less estate therein, a lessee for a term of years, a vendee in possession under a contract for the purchase of such real property " etc. By the third and fourth sections, a contractor, sub-contractor, laborer, or materialman is given a lien " upon the real property improved or to be improved," to the extent of " the owner's right, title or interest in the real property or improvements, existing at the time of filing the notice of lien." By the ninth section, notice of the lien is required to state " the name of the owner of the real property against whose interest therein a lien is claimed " and it, also, provides that " a failure to state the name of the true owner   *   *   *   shall not affect the validity of the lien."

It is argued for the appellants that the second section of the act operates to broaden the term " owner " and that their first notice of lien, though only designating the baths company as the owner, was sufficient to bind Pace's interest in the property. This is claimed as the effect of the provisions of the second and ninth sections; which latter section saves the lien, where there has been an omission of the true owner's name. I think that the appellants misapprehend the purpose of the Lien Law, as it is to be perceived from the fair reading of the language of the sections mentioned and of other parts of the act.

It was not the legislative intent to give a lien upon the property, through the filing of *any* notice describing it; it was intended that such a lien should be acquired as against the title, or interest, of the person, party to, or assenting to, the agreement under which the work was done, "against whose interest therein a lien is claimed" in the notice. The proceeding in foreclosure is authorized, in order that the claim may be satisfied through a judicial sale of what title, or interest, the person named in the notice may have in the property. The object of the statute, to bind the interest of the person against whom the notice of lien is filed, appears in the requirement of the tenth section that the county clerk, in whose office the notice is to be filed, must enter in his docket, *inter alia*, the names of the owners stated in the notices in alphabetical order. This provision is to enable a search to bring out the persons, whose interests are affected by the notice, and the docket, thus, gives the notice the law intended it should give. (See *De Klyn* v. *Gould*, 165 N. Y. 282.) The second section does enlarge the term "owner," when used, and a notice designating a person as such will be valid, even if the ownership be not of the fee; but that of some lesser estate, or of some contractual interest in the property. If the notice fails to state the name of the true owner, then the provision of the ninth section preserves the validity of the lien so far as the person named as owner and against whom a lien is asked, in fact, may have some title, or interest. If this provision were to be construed as giving a lien against the unnamed owner of the fee, the construction would violate the plain legislative intent that the notice of lien should only affect the person, whom the notice names, or attempts to name, as "owner." The statute requires the notice to state the name of the owner, against whose interest a lien is claimed, which will include, *eo nomine*, one who has any of the estates mentioned in the second section, and that those names shall be entered in the "lien docket." In *Grippin* v. *Weed*, (22 App. Div. 593; affd. on opinion below, 165 N. Y. 612), the Lien Law of 1885 was under consideration and the construction was given that the statutory intent was

to hold the interest of the person named in the notice of lien ; although the interest was not correctly stated and the name of the true owner was not inserted. The act of 1897, in the particular respect considered, is not, essentially, different in its provisions. The portion of the ninth section now relied upon, as extending the appellants' lien so as to cover the interest of Pace, the owner of the fee, has no such effect ; nor any other than, as has been suggested, to preserve the lien upon what interest the baths company may have. As against it, the lien was not impaired by the failure to name Pace, the true owner. We think that the appellants obtained no lien against Pace's interest in the property by the notice of January 16th and that their second notice, while then giving to them a lien against his interest, made it inferior to that acquired by the plaintiff, for having been filed later than was that of the plaintiff.

The contention of the appellants that the plaintiff had conceded that the baths company was a vendee in possession, at the time of the filing of the notice of lien, is unworthy of consideration. The facts show that it was not and plainly evidence that the concession was in view of the deed not yet having been recorded at the time of the trial.

I advise the affirmance of the judgment appealed from.

Cullen, Ch. J., Edward T. Bartlett, Haight, Vann and Hiscock, JJ., concur ; Werner, J., not sitting.

Judgment affirmed, with costs.