■ ALBERT MELNIKER, Respondent, v BARBARA GRAE et al., Appellants, and MILTON LEIBMAN, Intervenor-Appellant, et al., Defendants. — In an action to foreclose a mechanic's lien, the appeals are from (1) so much of a decision of the Supreme Court, Richmond County (Rubin, J.), dated May 14, 1980, as denied the appellant-intervenor's motion insofar as it was to dismiss the complaint, without prejudice to renew after an exchange of pleadings, (2) a decision of the same court dated September 23, 1980, which denied the appellants' motion to dismiss the complaint, and (3) stated portions of an order of the same court dated October 31, 1980, which, *inter alia,* denied the said motions to dismiss. Appeals from decisions dated May 14, 1980 and September 23, 1980, respectively, dismissed. No appeal lies from a decision. Order dated October 31, 1980 modified, on the law, by adding provisions thereto (1) directing defendant Barbara Grae to execute an undertaking in the amount of $4,250, and (2) directing that, upon such execution, the order (if still in effect) enjoining the Chicago Title Insurance Company from paying out an escrow deposit of $5,000 is vacated and the complaint against defendant Joel Grae is dismissed. As so modified, order affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements. Appellants and intervenor-appellant contend that the mechanic's lien is void since it was untimely filed. The notice of lien is valid on its face since the notice indicates that it was filed within four months after the completion of the contract (see Lien Law, § 10). Where there exists "no defect upon the face of a notice of lien, any dispute regarding the validity of the lien must await trial thereof by foreclosure" and the court cannot summarily discharge the lien (see *Dember Constr. Corp. v P & R Elec. Corp.,* 76 AD2d 540, 546; Lien Law, § 19, subd [6]). There is a triable issue of fact as to whether plaintiff's latest services, which were rendered within four months of the filing

of the notice of lien, were part of the original contract or performed in continuance of work done under the contract (see *Watts-Campbell Co. v Yuengling,* 125 NY 1; *Nelson v Schrank,* 273 App Div 72). An additional issue to be determined at a trial is whether the work was performed "with the consent or at the request of the owner * * * or of [the owner's] agent" (see Lien Law, § 3). Although the lienor was employed by a contract vendee, the lien is still valid if the owner consented to the lienor's performance, or if the vendee was acting as the owner's agent (see *Craig v Swinerton,* 8 Hun 144, affd 76 NY 608; *Schmalz v Mead,* 125 NY 188; 37 NY Jur, Mechanic's Liens, § 46). Allegations concerning the owner's consent, or the vendee's agency, should appear in the complaint, and need not be mentioned in the notice of lien (Lien Law, § 9; *Burkitt v Harper,* 79 NY 273). Furthermore, the failure of the notice of lien to name the tenants in common of the property other than appellant Barbara Grae does not invalidate the lien as against her, to the extent of her interest in the property (see Lien Law, § 2, subds 3, 4, 9; *Strauchen v Pace,* 195 NY 167; *Matter of Refrod Realty Corp.,* 216 NYS2d 564). Moreover, the misdescription in the notice of lien of Barbara Grae's interest as fee owner also does not invalidate the lien (Lien Law, § 9, subds 2, 7). Although Barbara Grae obtained an order discharging the lien upon the execution of an undertaking (see Lien Law, § 19, subd [4]), she never executed such an undertaking apparently, because the title insurance company required all the tenants in common to deposit a total of $5,000 in escrow upon the sale of the property. However, it was improper for Barbara Grae to use the escrow as a substitute for execution of the undertaking, since the lien only affected her interest in the property but the moneys held in escrow belonged to all of the tenants in common. We also note that although section 44 of the Lien Law requires all the record owners to be joined as party defendants the statute refers to persons having an interest in the property at the time of the commencement of the foreclosure action (see *Harlem Plumbing Supply Co. v Handelsman,* 40 AD2d 768; *Admiral Tr. Mix Corp. v Sagg-Bridgehampton Corp.,* 56 Misc 2d 47). Thus, the lienor need not join those persons who are not named in the notice of lien and have no interest in the property at the time of suit. As to appellant Joel Grae, although, as a mortgagee, he would be a necessary party to an action to enforce a lien against real property (Lien Law, § 44), once Barbara Grae executes an undertaking, there is no longer in existence such an action against real property. "The bond [would replace] the real property as the security to be attached and attacked" *(Bryant Equip. Corp. v A-1 Moore Contr. Corp.,* 51 AD2d 792, 793). Thus, the mortgagee's interest in the real property would no longer require his joinder as a necessary party in the lien foreclosure action. Hopkins, J. P., Mangano, Gulotta and Margett, JJ., concur.