■ Tube Forgings of America, Inc., Respondent, v Mobil Oil Corporation, Appellant, et al., Defendants.

The plaintiff filed a notice of mechanic's lien on February 2, 1984, which was extended by court order through January 7, 1987. Specifically, the plaintiff claimed that the appellant Mobil Oil Corporation had ordered materials by purchase orders directed to the defendant Albert Pipe Supply Co., Inc. (hereinafter Albert) and that thereafter Albert ordered the materials from the plaintiff. The record discloses that the plaintiff, based upon the orders from Albert, delivered seamless steel weld fittings, at the cost of $42,682.46, directly to the appellant's Staten Island property, and that those materials were incorporated by the appellant into the permanent improvement of its real property.

In its motion papers seeking summary judgment dismissing the complaint as against it, the appellant asserted, in relevant part, that since the plaintiff was a materialman who contracted with another materialman, Albert, there was no statutory basis for the lien as against it. However, the appellant's reliance on cases which involve Lien Law § 5, is misplaced since that statute deals only with liens under contracts for public improvements. In this case, the plaintiff's lien is pursuant to Lien Law § 3. This latter statute, in pertinent part, provides that a materialman who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor shall have a lien. In an analogous situation to the one at bar, wherein a lienor had performed work, this court noted that "[a]lthough the lienor was employed by a contract vendee, the lien [was] still valid if the owner consented to the lienor's performance, or if the vendee was acting as the owner's agent" *(Melniker v Grae,* 82 AD2d 798, 799). Since the record here indicates that there is a triable issue of fact as to whether the materials in question were furnished "with the consent or at the request of the owner * * * or of [the owner's] agent" (Lien Law § 3; *see, Melniker v Grae, supra,* at 798, 799), the appellant was not entitled to dismissal of the complaint as against it. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.