■ NORDEN ELECTRIC, INC., Appellant, v IDEAL ELECTRICAL SUPPLY CORP., Defendant and Third-Party Plaintiff-Respondent. HARTFORD ACCIDENT AND INDEMNITY Co., Third-Party Defendant-Appellant.—In an action, inter alia, to recover damages for breach of contract, (1) the third-party defendant Hartford Accident and Indemnity Co. appeals from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered March 18, 1988, as denied its cross motion to dismiss the third-party complaint, and (2) the plaintiff Norden Electric, Inc. separately appeals from so much of the same order as denied its cross motion (a) to dismiss those portions of the first counterclaim of the defendant and third-party plaintiff Ideal Electrical Supply Corp. asserted in its amended answer which seek recovery pursuant to a bond filed to discharge its mechanic's lien, and (b) to amend the caption of the action to delete any reference to a fourth-party action.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the plaintiff's cross motion which was to amend the caption of the action, and by substituting therefor a provision granting that branch of the cross motion and amending the caption to remove any reference to a fourth-party action; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the respondent Ideal Electrical Supply Corp. by the appellants.

Contrary to the appellants' respective contentions, the failure of Ideal Electrical Supply Corp. (hereinafter Ideal) to commence an action to foreclose its mechanic's lien does not

preclude it from seeking recovery on the bond substituted therefor. Pursuant to the law of Connecticut, which is controlling on this issue *(see, Allied Thermal Corp. v James Talcott, Inc.,* 3 NY2d 302, 304; *see also,* 76 NY Jur 2d, Mechanics' Liens, § 13), Ideal could properly assert its claim to recover on the bond without attempting to foreclose the lien, and it did so in timely fashion in this case *(see,* Conn Gen Stat § 49-37 [a]).

Similarly unavailing are the appellants' contentions that the owner of the Connecticut realty upon which the lien was recorded is a necessary party to this litigation. The substitution of the bond for the mechanic's lien discharged the lien, and there no longer existed any claim against the real property *(see,* Lien Law § 37 [7]; § 44; *Melniker v Grae,* 82 AD2d 798; *Bryant Equip. Corp. v A-1 Moore Contr. Corp.,* 51 AD2d 792, 793). It is precisely for this reason that Ideal only sought recovery pursuant to the bond. Our decision in *Martirano Constr. Corp. v Briar Contr. Corp.* (104 AD2d 1028) is not inconsistent with the foregoing analysis. In that case, unlike the situation at bar, the property owner was properly named a party defendant because it conceded that it was liable on the underlying debt, and because the lienor in that case sought recovery against the realty itself.

We further note that, inasmuch as the judgment sought by Ideal in the present case relates to the bond rather than the real property situated in Connecticut, the Supreme Court has jurisdiction to entertain the claim *(see, Shepherd Showcase v Pekala,* 138 AD2d 960, 961).

However, while the third-party defendant Hartford Accident and Indemnity Co. included a complaint against the fourth-party defendants in its answer to Ideal's claim, service of the summons and fourth-party complaint upon the named fourth-party defendants has not yet been accomplished. Accordingly, the inclusion of a fourth-party action in the caption of this case is premature *(see,* CPLR 1007, 1011). Hence, we have modified the order by granting the plaintiff's motion to the extent of amending the caption.

We have considered the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.