■ James H. Rambo, Inc., Appellant-Respondent, v Cheng K. Yu, P. C., et al., Respondents-Appellants. [638 NYS2d 143] —In an action, *inter alia,* to foreclose on a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Berler, J.), entered September 14, 1993, as, in effect, denied foreclosure of a mechanic's lien, and the defendants cross-appeal from so much of the judgment as awarded the plaintiff $32,956.20.

Ordered that the judgment is modified, on the law, by adding thereto a decretal paragraph awarding the plaintiff judgment against Cheng K. Yu, P. C., foreclosing on the mechanic's lien in the principal sum of $20,800 plus costs and disbursements; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

The plaintiff contends, and we agree, that the court errone-ously failed to award it foreclosure of the mechanic's lien since, *inter alia,* the lien was properly filed in accordance with the requirements of Lien Law former §§ 11 and 11-b. Although the defendants point to additional requirements of those sections with which the plaintiff did not comply, those sections were amended in 1988, subsequent to the filing of the lien *(see,* L 1988, ch 105), and the plaintiff complied with the requirements of the Lien Law which were in effect when the lien was filed. Further, the plaintiff did not willfully exaggerate the amount claimed on the lien *(see,* Lien Law § 39). Accordingly, the court should have granted foreclosure.

There is no merit to the defendants' contention that the ac-tion should be dismissed as against the defendant Cheng K. Yu, P. C., since the record reflects that Cheng K. Yu, P. C., consented to the contract entered into by defendant Cheng Kai Yu, the president and principal of Cheng K. Yu, P. C., and fur-ther consented to the work performed *(see,* Lien Law § 3; *Melni-ker v.Grae,* 82 AD2d 798; *Zurlin v Hotel Levitt,* 5 AD2d 945).

The defendants' remaining contentions lack merit. Rosen-blatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.