■ M.P. DEVELOPMENT et al., Respondents, v MALONE ECONOMIC DEVELOPMENT CORPORATION, Appellant. [657 NYS2d 531] —Mercure, J. Appeal from that part of an order of the Supreme Court (Ryan, Jr., J.), entered April 9, 1996 in Clinton County, which granted plaintiffs' cross motion for summary judgment on the issue of liability.

Plaintiffs applied for a $200,000 loan from defendant, an economic development corporation, to finance the purchase of furniture, fixtures and equipment for a motel that plaintiffs proposed to construct on real property owned by plaintiff M.P. Development in the Village of Malone, Franklin County. By written loan commitment dated August 19, 1994, accepted by plaintiffs on August 22, 1994, defendant agreed to loan plaintiffs $200,000 at 7.25% interest per annum, to be repaid in monthly installments over a 15-year term. The loan was to be secured by a third mortgage on the motel realty, a security interest in the furniture, fixtures and equipment to be purchased with the loan proceeds, and guarantees executed by plaintiffs John M. Parent, Lester G. Miller, Carol Miller and Miller Parent, Ltd.

The loan closing took place on August 25, 1994 at the offices of defendant's attorney. Also present for defendant was its executive vice-president, Patrick Murtagh, Jr. Although arrange-

ments had been made for plaintiffs' counsel to prepare the closing instruments, in the course of the loan closing it was discovered that no promissory note had been prepared. The matter was discussed by the parties' respective attorneys (out of the presence of the remaining participants), who agreed to complete the transaction with the understanding that an executed promissory note would be delivered on either the first (according to the deposition testimony of defendant's loan closing attorney) or second (as averred in an affidavit of plaintiffs' attorney) business day following the loan closing. In any event, it is undisputed that the duly executed promissory note was delivered to defendant prior to the close of business on the first business day following the closing. By that time, and despite the fact that the mortgage and UCC financing instruments had been recorded and filed, defendant had already stopped payment on its $200,000 loan check, assertedly due to plaintiffs' failure to deliver the promissory note by a 1:00 P.M. deadline imposed by Murtagh.

Subsequent to August 25, 1994, defendant engaged new counsel who on September 2, 1994 informed plaintiff of a number of additional requirements that had to be satisfied prior to its approval of the closing documents. Of greatest concern to plaintiffs was the revelation that defendant was at that point unwilling to subordinate its mortgage to a second lien given in connection with a Small Business Administration loan that had been arranged with Adirondack Economic Development Corporation. Plaintiffs were unable to secure the first and second lienholders' consent to defendant's requirement and the loan funds never were disbursed. Nonetheless, defendant refused to release and discharge its filed liens of record. In October 1994, plaintiffs commenced this action for, *inter alia,* breach of defendant's contract to loan money upon the terms set forth in the August 19, 1994 commitment letter. Following some discovery and motion practice that is not at issue here, plaintiffs moved for partial summary judgment on the issue of liability. Supreme Court granted the motion and defendant appeals.

We affirm. In our view, the two essential factual bases for the contentions advanced by defendant on appeal, i.e., that neither defendant's loan closing attorney nor Murtagh had actual or apparent authority to bind defendant at the closing and that, in fact, no closing took place on August 25, 1994, are unsupported by the record. The assertion of lack of authority is based upon nothing more than the wholly conclusory averment to that effect by defendant's president, which we view as

lacking in probative value (*see, Manhattan Film v Entertainment Guars.*, 156 AD2d 152, 153; *see also, Slavenburg Corp. v Opus Apparel*, 53 NY2d 799; *Matter of Piela v Van Voris*, 229 AD2d 94). In addition, defendant's assertion of lack of authority is substantially undermined by the fact that Murtagh himself issued the August 19, 1994 commitment letter and contradicted by the express language of that instrument, stating that: "[Plaintiffs] agree to execute all necessary instruments required from time to time by [defendant] and to meet all other reasonable requirements which may be necessary from time to time under this commitment. [Plaintiffs] also agree to furnish all necessary documents and exhibits *required from time to time by [defendant's] legal counsel, the form and content of all instruments to be executed by [plaintiffs] as well as form and content of leases, shall be subject to [defendant's] approval and that of [defendant's] counsel"* (emphasis supplied). Thus, defendant communicated to plaintiffs that defendant's loan closing attorney was authorized to determine which documents were necessary, the form and content of those documents and the time in which they were to be delivered. The contention that, despite the disbursement of the loan funds and the filing and recording of the closing instruments, no loan closing took place is based solely on the assertion of defendant's present counsel, which is contradicted by the deposition testimony or affidavit of defendant's president· and the two attorneys who actually conducted the closing.

Also unavailing is the argument that pursuant to General Obligations Law § 5-1103 plaintiffs may not establish oral modifications to the August 19, 1994 commitment letter that were not supported by consideration. Although defendant's legal analysis is essentially correct, it simply has no application in this case because the respective attorneys' agreement concerning the form and time of delivery of the closing instruments did not vary the terms of the written commitment. To the contrary, the commitment did not identify the various instruments to be executed and delivered at closing and, as previously noted, left those details to the discretion of defendant and its counsel.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.