■ MARILYN P. HOPPENFELD, Appellant, v ROY JOHANNESSEN et al., Respondents. [659 NYS2d 953] —Crew III, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered April 18, 1996 in Greene County, which granted defendant Town of Lexington's motion for summary judgment dismissing the complaint against it, (2) from an order of said court, entered April 23, 1996 in Greene County, which, *inter alia*, granted defendant Greene County's cross motion for summary judgment dismissing the complaint against it, (3) from an order of said court, entered May 3, 1996 in Greene County, which, *inter alia*, granted defendant Norita Johannessen's motion for summary judgment dismissing the complaint against her, and (4) from an order of said court, entered September 30, 1996 in Greene County, which, *inter alia*, denied plaintiff's motion to extend the time for pretrial discovery.

Plaintiff, the owner of property located in the Town of Lexington, Greene County, commenced this action against defendants, the Town of Lexington, Greene County, Roy Johannessen and Norita Johannessen, the latter of whom are adjoining property owners. The gravamen of plaintiff's complaint is that the Johannessens diverted the flow of water from their property onto plaintiff's property and blocked culverts in and around Spruceton Road, which adjoined plaintiff's property, thereby creating a pool of water and leading to the lowering of the water table, which resulted in damage to plaintiff's residence. With regard to the Town and the County, plaintiff alleged that they knew of the problems created by the Johannessens and permitted such diversion without the issuance of appropriate permits, that they issued permits and variances allowing construction of structures on the Johannessens' property beyond that allowed by law, and that they permitted the improper and inappropriate construction of a septic system on said property.

Following joinder of issue and discovery, Norita Johannessen moved for summary judgment dismissing the complaint and all

cross claims asserted against her, and both Johannessens moved to dismiss the complaint based upon plaintiff's failure to comply with certain disclosure demands. The County cross-moved for summary judgment dismissing the complaint against it and, a short time later, the Town moved for similar relief. Plaintiff ultimately responded to the various motions and cross-moved to, *inter alia*, preclude defendants from offering certain proof at trial.

By order entered April 18, 1996, Supreme Court granted the Town's motion for summary judgment dismissing the complaint against it and, by order entered April 23, 1996, Supreme Court granted the County similar relief. As to the motion made by Norita Johannessen for summary judgment dismissing the complaint against her, Supreme Court, by order entered May 3, 1996, granted a default judgment based upon plaintiff's failure to timely respond to the motion. Although denying the Johannessens' motion to dismiss the complaint based upon plaintiff's failure to comply with disclosure demands, Supreme Court granted a conditional order of preclusion requiring full compliance with the demands within 30 days. Finally, Supreme Court also denied plaintiff's interim motion to vacate the default judgment and her cross motion to preclude defendants from offering certain proof at trial.

Approximately one year later, plaintiff moved to clarify Supreme Court's order entered May 3, 1996 and to extend the time for pretrial discovery. By order entered September 30, 1996, Supreme Court denied plaintiff's respective motions and these appeals by plaintiff ensued.

Turning first to plaintiff's contention that Supreme Court erred in denying her motion to vacate the default judgment, we need only note that her proffered excuse for failing to timely respond to the motion was not reasonable. Plaintiff asserts that a sprained back prevented her from responding to the motion, yet the record makes plain that during the same time period plaintiff continued to work as a full-time government employee, performed all of her household chores and maintained a separate property some distance from her home. Moreover, plaintiff failed to demonstrate a meritorious cause of action (*see generally*, *All States Med. Placement Agency v Kripke*, 223 AD2d 953, 954). Accordingly, Supreme Court properly denied plaintiff's motion in this regard.

We also are of the view that Supreme Court properly granted the motions for summary judgment made by the Town and the County. With regard to plaintiff's claim that the Town affirmatively granted or permitted the blockage of culverts on

Spruceton Road, the Town established that Spruceton Road is a County-owned and maintained roadway and that the Town had no reason to, and did not in fact, perform any work on the road, nor was it authorized to permit others to do so. With regard to plaintiff's allegations that the Town permitted the Johannessens to "over build" on their property in violation of the Town's zoning provisions, the Town submitted evidence that the structures on the Johannessen property were in compliance with the zoning district within which the property was located. Finally, with regard to plaintiff's allegations that the Johannessens' septic system was inadequate and unlawful, the Town produced evidence that the property in question is located in a New York City watershed, requiring all septic systems to be approved by the New York City Department of Environmental Protection, and that the Town had no jurisdiction to approve or reject the system. As to plaintiff's allegations against the County, evidence was submitted on the County's behalf demonstrating that it did not issue any variances, permits or licenses for any work in connection with the culverts in the vicinity of plaintiff's property and that it did not divert or channel water onto plaintiff's property.

In opposition to those motions and the proof submitted in support thereof, plaintiff submitted what only can be described as a rambling affidavit. In that affidavit, plaintiff cites a number of appellate cases dealing with summary judgment motions, asserts that further discovery proceedings are necessary and contends that there are witnesses who were reluctant to sign affidavits but who would testify to the truth at trial. Plaintiff also makes an assortment of unsubstantiated assertions relative to the Town and the County—namely, that they admitted that certain culverts were blocked and had to be opened, that they, together with the Johannessens, acted to change the water level, thereby causing damage to plaintiff's property, and that construction on the Johannessens' property was not in accordance with required ordinances for waterlogged land and flood areas. Such assertions, however, are supported by no factual data, are entirely conclusory and are of utterly no evidentiary value (see, Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, Supreme Court appropriately granted the Town and County's motions for summary judgment dismissing the complaint. We have considered plaintiff's remaining contentions, including her assertion that Supreme Court erred in denying her motion for additional discovery, and find them to be equally without merit.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.