■ M. GOLD & SON, INC., Appellant, v A.J. ECKERT, INC., Defendant, and ADIRONDACK COMMUNITY COLLEGE et al., Respondents. [667 NYS2d 460] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered February 21, 1997 in Warren County, which granted motions by certain defendants for summary judgment dismissing the complaint against them.

In 1994, defendant Adirondack Community College (hereinafter ACC) undertook to replace the heating, ventilation and air conditioning (hereinafter HVAC) system in many of the buildings on its campus which is located on land owned by

defendants Warren County and Washington County. In connection therewith, ACC entered into a contract with the general contractor, defendant A.J. Eckert, Inc. (hereinafter Eckert), for the installation of a new HVAC system. Eckert, in turn, subcontracted part of the work to plaintiff. Due to the unavailability of the basic thermostats which had been specified in the original plans, plaintiff substituted and installed more complicated and expensive thermostats resulting in additional work and increased cost. In February 1995, plaintiff filed both public and private improvement liens in the amount of $42,064.30 against the property seeking to recover the additional expense.

In April 1995, plaintiff commenced this action against all defendants alleging causes of action to foreclose the private and public improvement liens, for recovery in quantum meruit and for breach of contract. Following joinder of issue, Eckert posted a bond in the amount of $46,500 whereupon an order was entered discharging the public improvement lien.* Thereafter, ACC, Warren County and Washington County (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. Supreme Court granted the motions and this appeal by plaintiff ensued.

As to plaintiff's cause of action to foreclose a public improvement lien, Supreme Court dismissed this claim on the basis that defendants, while owners of the property upon which the improvements were made, were not necessary parties to the litigation because the bond had effectively replaced the lien. Under the circumstances presented, we agree. Although Lien Law § 44 (3) explicitly provides that in actions to enforce a lien against real property or a public improvement the owners of the subject property must be named as party defendants, the statute does not specifically address the situation presented here where the general contractor has posted a bond discharging the lien subsequent to the commencement of the action (see, Lien Law § 21 [5]). "Upon the filing of such a * * * bond the public improvement lien previously filed attaches to the bond, which is substituted for the liened property" (*Tri-City Elec. v People*, 63 NY2d 969, 971). Where the lien no longer attaches to real property due to the filing of a bond under the Lien Law, it has been held that the owners of the real property are no longer necessary parties to the action (*see, e.g., Norden Elec. v Ideal Elec. Supply Corp.*, 154 AD2d 580, 581; *Melniker v Grae*, 82 AD2d 798, 799; *Bryant Equip. Corp. v A-1 Moore*

---

* The parties stipulated to the dismissal of plaintiff's cause of action to foreclose the private improvement lien.

*Contr. Corp.*, 51 AD2d 792, 793). We, therefore, reach the same conclusion here.

Turning to plaintiff's remaining causes of action, Supreme Court dismissed them based upon plaintiff's failure to adduce proof that defendants consented to the additional and more expensive work. As a general rule, " '[w]here there is an express contract * * * between the general contractor and the subcontractor, the owner of the subject premises may not be held directly liable to the subcontractor on a theory of implied or quasi-contract, unless he has in fact assented to such an obligation' " (*Westinghouse Elec. Supply Co. v Brosseau & Co.*, 156 AD2d 851, 853, quoting *Contelmo's Sand & Gravel v J & J Milano*, 96 AD2d 1090, 1091). Irrespective of defendants' knowledge of the substitution of materials and the additional work entailed, affidavits submitted on their behalf established that they never approved any change orders for the subject work nor did they ever specifically consent to any work performed by plaintiff beyond that set forth in the original specifications. Although plaintiff's president averred that defendants authorized and approved the additional work through their agent, Eckert, we find these conclusory assertions insufficient to avoid dismissal of plaintiff's claim premised upon quantum meruit (*see, Hoppenfeld v Johannessen*, 241 AD2d 672, 674; *M.P. Dev. v Malone Economic Dev. Corp.*, 239 AD2d 839, 840-841). Inasmuch as defendants were not parties to any contract with plaintiff, we also agree with the dismissal of plaintiff's breach of contract claim. We have considered plaintiff's remaining claim that summary judgment was prematurely granted and find it to be without merit.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.